**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02887-CMA

ARTUMISE GORE,

      Applicant,

v.

CHARLES DANIELS, Warden,

      Respondent.

---

**ORDER DENYING PETITION FOR HABEAS CORPUS**

---

The matter before the Court is an Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 9). The Court has determined it can resolve the Application without a hearing.[1]

## I. BACKGROUND

On December 28, 2001, Applicant was arrested by Philadelphia, Pennsylvania police for the crimes of assault and burglary, among others.[2] These charges were brought in Court of Common Please of Philadelphia Country case number CP-51-CR-0100781-2002.[3]

---

[1] *Blackledge v. Allison*, 31 U.S. 63, 83 (1977); *see also Jeter v. Keohane*, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2] Answer To Pet. For Writ Of Habeas Corpus (Doc. No. 20; Mar. 11, 2011), attach. 1. Applicant did not object to any of the exhibits or attachments in the Answer. *See, e.g.*, Rules Governing Section 2254 Cases 7(c).

[3] Answer (Doc. No. 20), attach. 1.

On April 24, 2002, Applicant was arrested for crimes associated with possession of a firearm.[4] Applicant was subsequently charged with two counts of possession of a firearm by a convicted felon and possession of ammunition by a convicted felon in United States District Court for the Eastern District of Pennsylvania case number 2002-606.[5]

On December 5, 2002, Applicant pleaded guilty in the state case to robbery and simple assault.[6] He was sentenced to 3 to 6 years in state prison.[7]

Applicant remained in state custody until December 26, 2002, when he was transferred to federal custody pursuant to a Writ of Habeas Corpus *Ad Prosequendum* issued by the Eastern District of Pennsylvania.[8]

In June 2003, a federal jury convicted Applicant of both counts in case number 2002-606 and he was sentenced to a term of 120 months incarceration.[9] Applicant was returned to state custody on February 13, 2004.[10]

---

[4] *Id.*, attach. 2.

[5] *Id.*, attach. 4.  State charges associated with the firearm possession were later withdrawn. *Id.*, attach. 2.

[6] *Id.*, attach. 1 at 4.

[7] *Id.*

[8] *Id.*, attach. 3.

[9] *Id.*, attach. 4.

[10] *Id.*, attach. 2 at 2.

The United States Court of Appeals for the Third Circuit affirmed Applicant's federal conviction, but vacated the sentence and remanded for re-sentencing.[11] On May 9, 2006, the federal trial court re-sentenced Applicant to a 120 month term of imprisonment, "commenc[ing] on May 9, 2006, [which] shall run concurrently with any state sentence."[12]

On September 21, 2006, Applicant completed serving his state sentence in case number CP-51-CR-0100781-2002 and Pennsylvania officials released him into federal custody.[13] He was formally committed to the United States Bureau of Prisons (BOP) to begin serving his sentence in case number 2002-606 on October 3, 2006.[14] Applicant is presently in the custody of the BOP at the United States Penitentiary in Florence, Colorado.[15]

## II. **APPLICATION**

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Amended Application on January 10, 2011.[16] On February 10, 2011, Senior District Judge Lewis

---

[11] *United States v. Gore*, 129 Fed. Appx. 709, 711 (3d Cir. 2005).

[12] Answer (Doc. No. 20), attach. 5 at 1-2.

[13] *Id.*, attach. 6.

[14] *Id.*, attach. 7.

[15] *See* Doc. No. 1-1, at 3.

[16] Doc. No. 9.

3

T. Babcock entered an order dismissing the Amended Application in part.[17]  Judge Babcock held that, to the extent Applicant was challenging the legality of the 2006 re-sentencing order, this claim was not cognizable in a § 2241 action and was therefore dismissed without prejudice.[18]  The remainder of the Amended Application was ordered drawn to a district judge.[19]

This Court subsequently issued an Order To Show Cause to Respondent on February 17, 2011.[20]  Respondent filed a response on March 11, 2011.[21]  Applicant did not file a traverse.

Applicant is challenging the computation of his federal sentence.  He alleges that the BOP has not credited case number 2002-606 for the correct amount of presentence confinement.  He alternately requests (1) 14 months of credit toward his state sentence while he was in federal custody awaiting trial, and (2) 44 months of time served concurrent with his state sentence.[22]

---

[17]  Order (Doc. No. 17; Feb. 10, 2011), at 4.  A § 2241 petition attacks the execution of the sentence; attacks on the underlying legality of the sentence must be brought in a § 2255 action. *Id.*; *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[18]  *Id.* at 5.

[19]  *Id.* at 6.

[20]  Doc. No. 19.

[21]  Doc. No. 20.

[22]  *See* Order (Doc. No. 17), at 2-3.

### III.  **LEGAL STANDARD**

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[23]  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."[24]  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[25]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[26]  Here, Applicant correctly filed his petition in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or

---

[23]  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

[24]  *Hernandez v. Davis*, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998).

[25]  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[26]  28 U.S.C. § 2241(a); *Bradshaw*, 86 F.3d at 166.

construct a legal theory on plaintiff's behalf."[27]  The Court should not be the *pro se* litigant's advocate.[28]

## IV.  ANALYSIS

When reviewing computation of a federal sentence of imprisonment, a court must first "determine the commencement date of the federal sentence."[29]  The BOP determined that Applicant's federal sentence in case number 2002-606 commenced on May 9, 2006, the date of his re-sentencing.[30]  Although Applicant was not in BOP custody until September 21, 2006, and was not formally committed until October 3, 2006, the judgment clearly indicates that **all** time served on and after May 9, 2006, whether in state or federal custody, is to be credited towards the federal sentence.[31]  The judgment is also clear that the sentencing date was intended to be May 9, 2006, not *nunc pro tunc* to the original sentence date.[32]  Therefore, the BOP's determination of the commencement date is correct.

---

[27]  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[28]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[29]  *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006); 18 U.S.C. § 3585.

[30]  Answer (Doc. No. 20), attach. 7 at 2.

[31]  *See* 18 U.S.C. § 3584(a).

[32]  To the extent Applicant is arguing otherwise, this claim has previously been dismissed as inappropriate in a § 2241 action. Order (Doc. No. 17), at 4.

The court must next "turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of [a] sentence."[33] The BOP has already awarded Applicant credit for time served while in state custody from April 24, 2002 through December 4, 2002.[34] Therefore, Applicant's habeas claim is necessarily for custody between December 5, 2004, the day after his state judgment was entered, through May 8, 2006, the day before his federal judgment was entered.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*"[35]

Applicant was credited for every day between December 4, 2002 and May 8, 2006 in his Pennsylvania sentence imposed in case number CP-51-CR-0100781-2002.[36] Therefore, pursuant to statute he is not eligible to have this time credited to his federal sentence in case number 2002-606 since this time was already "credited against another sentence."[37]

---

[33] *Binford*, 436 F.3d at 1254.

[34] Answer (Doc. No. 20), attach. 7 at 2 (credit awarded pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)).

[35] 18 U.S.C. § 3585(b) (emphasis added).

[36] Answer (Doc. No. 20), attach. 3 at 1.

[37] 18 U.S.C. § 3585(b).

To the extent Applicant argues he is entitled to federal custody while being held pursuant to a Writ of Habeas Corpus *Ad Prosequendum*, this argument has long been rejected by the United States Court of Appeals for the Tenth Circuit.[38]

In conclusion, Applicant has properly been given credit for all time served to which he is entitled. His federal sentence has thus not been executed unlawfully, and he is not entitled to habeas relief.

## V.  ORDER

It is ORDERED that the Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 9; Jan. 10, 2011) is denied with prejudice.

DATED at Denver, Colorado, this __7th__ day of July, 2011.

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge

---

[38]  *Hernandez v. U.S. Atty. Gen.*, 689 F.2d 915, 918 (10th Cir. 1982); *United States v. Welch*, 928 F.2d 915, 916 n.2 (10th Cir. 1991).